IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KEN BALLANTINE,**<br><br>        Plaintiff,<br><br>   v.<br><br>**AMAZON.COM.INDC LLC,**<br>**AMAZON CORPORATE LLC,**<br><br>        Defendant. | **Case No. 1:18-cv-02546-SEB-MJD** |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Amazon.com.indc LLC ("Amazon"), also improperly sued as Amazon Corporate LLC, respectfully requests that the Court dismiss Plaintiff Ken Ballantine's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of its Motion, Amazon states the following:

Amazon hired Plaintiff in June 2011 as a Warehouse Associate in its Indianapolis, Indiana fulfillment center.[1] On January 20, 2016, Amazon terminated Plaintiff's employment.[2] On July 25, 2018, Plaintiff filed a Complaint in Marion Superior Court alleging various claims relating to the termination of his employment from Amazon, including a claim of race discrimination under 42 U.S.C. §1981. (Dkt. 1-1). Amazon removed the action to this Court

---

[1] Due to the brevity of Plaintiff's Complaint, Amazon provides the following information as a courtesy to the Court. These facts are not necessary to determine Plaintiff's Complaint fails on its face and must be dismissed pursuant to Rules 12(b)(1) and 12 (b)(6).

[2] In 2014 and 2015, Plaintiff filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Amazon asserting claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. The EEOC issued Dismissal and Notices of Rights on March 31, 2014 and September 21, 2016. Plaintiff did not file a lawsuit against Amazon under federal law within the required 90 days of either charge and those claims are barred.

pursuant to 28 U.S.C. §1331 on August 17, 2018. Each of Plaintiff's claims fails as a matter of law and should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

### I. Allegations and Claims.

Plaintiff states he was terminated from Amazon, and learned in July 2016 that such termination "was based upon a false witness statement and false confession entered into Amazon records." Cmpt. (Dkt. 1-1), p. 2. Plaintiff alleges his termination followed "HR complaints by plaintiff regarding harassment and/or discriminatory practices at Amazon." *Id.* Based on these facts alone, Plaintiff asserts the following claims:

- Discrimination and retaliatory discharge based on race, 42 U.S.C. Discrimination and retaliatory discharge based on race, 42 U.S.C. § 1981.

- Discrimination by race, I.C. sec. 22-9-1-1[3]

- Retaliatory discharge/wrongful discharge, I.C. sec. 22-9-1-6

- Common law protections and/or public policy: termination following complaints of harassment.

- Breach of Contract: Termination did not follow policy established in Amazon Employee Manual.

- Defamation of Character: False record of termination interferes with gainful employment of the Plaintiff.

- Willful and Wanton Conduct: Defendant acted maliciously, fraudulently, oppressively, or was grossly negligent in Plaintiff's termination.

*Id.*

---

[3] Although potentially not ripe for a Motion to Dismiss, several of Plaintiff's state law claims are also time barred. Amazon terminated Plaintiff's employment on January 20, 2016. Plaintiff filed this action in Marion Superior Court on July 25, 2018. Consequently, Plaintiff's state law claims of race discrimination, wrongful termination, and defamation are barred by the statute of limitations, and also fail on their merits. *See* Ind. Code §34-11-2-1.

2

**II.     Legal Standard**

To survive a motion to dismiss based upon Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 556.  A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

**III.    Discussion**

Each of Plaintiff's claims fails as a matter of law and should be dismissed pursuant to Rules 12(b)(1) and/or 12(b)(6).

   ***A.     Race Discrimination and Retaliation under 42 U.S.C. §1981***

Plaintiff's claims of race discrimination and retaliation under 42 U.S.C. §1981 ("Section 1981") fail as a matter of law because Plaintiff has not alleged anything to meet the higher standard for reverse discrimination under Section 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence . . . as is enjoyed by white citizens." 42 U.S.C. §1981. For a Section 1981 claim, a plaintiff must establish: (1) he is a member of a racial minority (or that the defendant is inclined to discriminate against non-

3

minorities), (2) "the defendant had an intent to discriminate on the basis of race," and (3) "the discrimination concerned one or more of the activities enumerated in the statute (*i.e.*, the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413-14 (7th Cir. 1996). Section 1981 protection encompasses retaliation claims when an employer takes an adverse employment action against an employee for asserting rights protected by Section 1981. *Tank v. T-Mobile USA, Inc.*, 758 F.3d 800, 807 (7th Cir. 2014).

Plaintiff has not alleged (and in fact cannot allege) that he is a member of a racial minority. Because Plaintiff is not a racial minority, he ultimately bears the burden of showing that Amazon had a reason or inclination to discriminate against white men or that there is something "fishy" about the termination. *Good v. University of Chicago Med. Ctr.*, 673 F.3d 670, 679 (7th Cir. 2012). Plaintiff made no attempt to do so. The threadbare Complaint is devoid of any factual allegations that plausibly assert Amazon is inclined to discriminate against white men, or even any factual allegations supporting his claim of race discrimination and retaliation. Plaintiff's conclusory allegation that Amazon committed "discrimination and retaliatory discharge based on race" is not sufficient. Because Plaintiffs' Complaint contains no facts from which the Court could draw a reasonable inference that Defendant may be liable for a Section 1981 violation, it fails to state a claim upon which relief may be granted and must be dismissed.

    **B. Race Discrimination Under Indiana Code §22-9-1-1 and Retaliatory/Wrongful Discharge under Indiana Code §22-9-1-6[4]**

Plaintiff's race discrimination, "wrongful discharge" and "retaliatory discharge" claims under the Indiana Civil Rights Law, Ind. Code §22-9-1 *et seq*. ("ICRL") should be dismissed for lack of subject matter jurisdiction. The ICRL does not create an independent private right of

---

[4] Indiana Code §22-9-1-6 establishes the Indiana Civil Rights Commission. It does not contain any language creating a cause of action for retaliatory or wrongful discharge.

action that allows an employee to sue directly in court. *Ellis v. CCA of Tennessee, L.L.C.*, 2010 U.S. Dist. LEXIS 61837, at **27-28 (S.D. Ind. June 21, 2010).  An employee must file a complaint of discrimination with the Indiana Civil Rights Commission ("ICRC") and participate in an ICRC investigation.  If the ICRC finds there is "probable cause" unlawful discrimination or retaliation has occurred, then the parties may either proceed to hearing before an ICRC-appointed administrative law judge, or move into the state court system.  However, *for the case to move out of the ICRC and into a court, the respondent and the complainant must agree, in writing, to have a court rather than the ICRC decide the claim. See Id.*  ("Indiana Civil Rights Act vests authority only in the Indiana Civil Rights Commission to receive, investigate and adjudicate discriminatory practices, and, unless a complaint is filed with the Commission, a finding of probable cause rendered, and a stipulation entered into by the complainant and respondent, no private cause of action exists.") Ind. Code § 22-9-1-16.

Plaintiff has not alleged he filed a charge of discrimination or retaliation with the ICRC, he received a probable cause finding, or Amazon has stipulated to any private right of action by Plaintiff in court. By enacting the ICRL, the Indiana General Assembly created a specific statutory mechanism for the resolution of employment discrimination claims, focused primarily on administrative agency activity.  *See generally,* Ind. Code § 22-9-1 *et seq.*  Plaintiff must not be allowed to bypass that mechanism and pursue such a claim in this forum. He certainly should not be allowed to do so with the current inadequately pled Complaint.  For these reasons, Plaintiff's claims for race discrimination and retaliatory/wrongful discharge under the ICRL fails as a matter of law under 12(b)(1).[5]

---

[5] Plaintiff purports to bring a claim for "Common law protections and/or public policy: termination following complaints of harassment."  Cmplt. (Dkt. 1-1 at 3.) No such claim exists under Indiana common law.

### C.     Breach of Contract

Plaintiff also asserts that the termination of his employment breached an employment contract set forth in Amazon's Employee Manual.  The relevant Employee Manual ("Manual") is attached as **Exhibit A**.[6]  Plaintiff's assertion is contrary to the entire line of Indiana cases – beginning with *Orr v. Westminster Village North, In*c. – holding that employment handbooks do not constitute unilateral contracts of employment. In *Orr*, the Indiana Supreme Court found that general statements in an employee handbook are "simply not enough" to constitute a valid unilateral contract. *Orr,* 689 N.E.2d 712, 721 (Ind. 1997).  Since *Orr*, Indiana courts have consistently held that employee handbooks do not constitute a contract under which an employee can maintain a breach of contract claim. *See, e.g., Harris v. Brewer*, 49 N.E.2d 632, 640 (Ind. Ct. App. 2015) (reaffirming *Orr's* holding that handbook provisions did not constitute a valid unilateral contract because they did not contain a clear promise of secure employment.); *Hayes v. Trustees of Indiana University*, 902 NE2d 303 (Ind. Ct. App. 2009). Indeed, the Manual specifically states it is not a contract and all employees are employed at will.  Ex. A, p.6.  Therefore, Plaintiff's breach of contract claim based upon the Employee Manual also fails as a matter of law and must be dismissed pursuant to Rule 12(b)(6).

### D.     Defamation

Plaintiff asserts a defamation claim based solely upon a "false record of termination" that has interfered with his employment opportunities.  This claim also cannot withstand Rule

---

[6] Plaintiff neglected to attach the Manual to the Complaint. Plaintiff specifically bases his breach of contract claim on Amazon's alleged failure to follow the Manual, however. (Dkt. 1-1, p. 2). Because Plaintiff's breach of contract claim relies completely on the Manual, this unattached document is central to Plaintiff's claims. Under such circumstances, the Court may consider this Agreement in the context of Amazon's motion to dismiss without any need to "authenticate or disambiguate" the omitted contract. *Tierney v. Vahle,* 304 F.3d 734, 738-739 (7th Cir. 2002); *Minch v. City of Chicago,* 486 F. 3d 294, 300 (7th Cir. 2007); *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006).

12(b)(6) scrutiny. To state a claim for defamation, a plaintiff must plead: (1) a communication with a defamatory imputation; (2) malice; (3) publication; and (4) damages. *Haegert v. McMullan*, 953 N.E.2d 1223, 271 (Ind. Ct. App. 2011). Plaintiff's vague allegation of a "false record of termination" in no way qualifies as a defamatory communication. Plaintiff's claim that he should not have been terminated does not, in any way, undermine the truthfulness of the statement that he was fired.  Plaintiff has also completely failed to identify how or to whom the allegedly untruthful statement was published. Plaintiff's characterization that the communication is "false" does not equate to an allegation that the content of the communication is defamatory.

Additionally, even if the communication were defamatory, communications by an employer regarding the fitness of an employee are protected by qualified privilege. *Harris v. Brewer*, 49 N.E.3d 632 (Ind. Ct. App. 2015). Qualified privilege exists as a defense to defamation in order to accommodate the important role of free and open intracompany communications and legitimate human resource management needs. *Bals v. Verduzco*, 600 N.E.2d 1353, 1356 (Ind. 1992). Plaintiff's "record of termination", regardless of Plaintiff's belief of its truth or falsity, is a privileged communication created for legitimate human resource purposes. As such, it cannot serve as the basis of a defamation claim. Plaintiff's claim of defamation fails as a matter of law and should be dismissed.

### E. Willful and Wanton Conduct

Finally, Plaintiff's claim of "willful and wanton conduct" should be dismissed for failure to state a claim. "Willful and wanton conduct" is not a cognizable cause of action. Indiana follows the doctrine of employment at will, meaning that employment is presumptively terminable at any time, with or without cause, by either party. *Tony v. Elkhart County*, 851 N.E.2d 1032 (Ind. Ct. App. 2006). Outside of the context of discrimination, the employer's state

of mind at the time of the termination is irrelevant. Therefore, Plaintiff's allegation that Amazon acted "maliciously, fraudulently, oppressively, or was grossly negligent" in the termination of his employment does not state a claim for relief.

### IV.     Conclusion

For the reasons discussed above, each of Plaintiff's claims fail as a matter of law and should be dismissed for failure to state a claim and lack of subject matter jurisdiction. Amazon respectfully requests the Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

*/s/ Emily L. Connor*
Alan L. McLaughlin (#10182-49)
Emily L. Connor (#27402-49)

*Attorney for Defendant Amazon.com.indc, LLC*

LITTLER MENDELSON, P.C.
A Professional Corporation
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone:  317.287.3600
E-mail: amclaughlin@littler.com
            econnor@littler.com

## **CERTIFICATE OF SERVICE**

I hereby that on this 21st day of September, 2018, I served a copy of the foregoing *Memorandum in Support of Defendant's Motion to Dismiss* via First Class, United States mail, postage prepaid, to the following:

> Ken Ballantine
> 4435 Berkshire Road
> Indianapolis, IN  46226

>> */s/ Emily L. Connor*

FIRMWIDE:156794650.3 090069.1132