UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEN BALLANTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02546-JPH-MJD |
| | ) | |
| AMAZON.COM.INDC LLC, | ) | |
| AMAZON CORPORATE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants'[1] *Motion to Dismiss* [Dkt. 10] and

Plaintiff's *Motion for Leave to Amend Complaint* [Dkt. 17]. On February 27, 2019, District

Judge James Patrick Hanlon designated the undersigned Magistrate Judge to "issue interim

orders, hold any necessary hearings, and enter a report and recommendation on the appropriate

disposition of Defendants' Motion to Dismiss" pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 23.]

For the reasons set forth below, the Magistrate Judge recommends Defendants' *Motion to*

*Dismiss* [Dkt. 10] be **GRANTED;** Plaintiff's *Motion for Leave to Amend Complaint* [Dkt. 17] be

**DENIED**, and all Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to Federal

Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

---

[1] The instant motion was brought by "Defendant, Amazon.com.indc LLC ("Amazon"), also improperly sued as Amazon Corporate LLC." Consequently, the Magistrate Judge's Report and Recommendation addresses all Defendants (Amazon.com.indc LLC and Amazon Corporate LLC). Plaintiff's asserted claims do not differentiate between the Defendants and are therefore identical to each Defendant. Thus, the Magistrate Judge's grounds for the recommendation of the dismissal of Plaintiff's claims are identical to each Defendant and are therefore applicable to all Defendants in this matter.

# I.  <u>Background</u>

Plaintiff began his employment with IND1, an Amazon Fulfillment Center in Indianapolis, in June 2011; Plaintiff served as a Warehouse Associate in the Shipping Department.  [Dkt. 17-1 at 9-10.]  In October 2013, Plaintiff disclosed to Defendants "that he had a disability—specifically, Asperger's Syndrome, which is a mental condition on the autism spectrum[,]" and Plaintiff "requested a transfer to the 'Pick' department" as an accommodation that would require less interpersonal interactions, minimized stress and anxiety, and improved productivity.  [Dkt. 17-1 at 10.]  Defendants honored Plaintiff's transfer request and noted positive improvement until 2015; thereinafter, Defendants cited "progressive discipline on at least three occasions for behavioral infractions" concerning the Plaintiff.  [Dkt. 17-1 at 10.]  Defendants contended on January 13, 2016, a supervisor "observed Mr. Ballantine riding one of the large conveyor belts meant for transporting boxes . . . [which is] conduct strictly forbidden and is grounds for immediate termination."  [Dkt. 17-1 at 11.]  Defendants stated on January 15, 2016, Plaintiff met with the IND1 Human Resources Manager, the safety violation was discussed, and the Plaintiff maintained he had not committed the violation until security tapes were reviewed leading to Plaintiff's admission.  [Dkt. 17-1 at 11.]

On January 20, 2016, Plaintiff was terminated by Defendants for the alleged safety violation; Plaintiff asserted notice of termination occurred "via phone call . . . following a suspension."  [Dkt. 11 at 1; Dkt. 17-1 at 1.]  As noted in Defendants' *Memorandum in Support of Defendant's Motion to Dismiss* and the *Response in Opposition* to Plaintiff's *Motion for Leave to Amend Complaint*, Defendants provide details surrounding Plaintiff's 2014 and 2015 filings of Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Amazon.  [Dkt. 11 at 1; Dkt. 19 at 2.]  "The EEOC issued Dismissal and Notices of

Rights on March 31, 2014 and September 21, 2016 . . . [and] Plaintiff did not file a lawsuit against Amazon under federal law within the required 90 days of either charge . . . ." [Dkt. 11 at 1; Dkt. 19 at 2.] On July 18, 2016, Defendants submitted a Statement of Position responding to the latter Charge of Discrimination to the assigned investigator with the EEOC. [Dkt. 17-1.] Within that letter, Defendants outlined the January 13, 2016, safety violation incident involving the conveyor belt and cited Area Manager Drew Brown, a supervisory figure at IND1, who witnessed and reported the violation. [Dkt. 17-1 at 11.] Defendants additionally recounted the occurrence of the January 15, 2016, meeting between Plaintiff and the Human Resources Manager, in which "Mr. Ballantine admitted that he had ridden the conveyor belt, even though he knew it was a safety violation." [Dkt. 17-1 at 11.]

Plaintiff filed his lawsuit on July 25, 2018, in Marion County Superior Court. [Dkt. 1 at 1.] Plaintiff's original *Complaint* stated "[o]n July 25, 2016, [i]t was discovered that the Plaintiff's termination from Amazon in January 2016 was based upon a false witness statement and a false confession entered into Amazon records." [Dkt. 1-1 at 3.] Plaintiff asserted a federal claim pursuant to 42 U.S.C. § 1981, discrimination and retaliatory discharge based on race. [Dkt. 1-1 at 3.] Plaintiff's original *Complaint* brought the following state law claims:

> [1.] Discrimination by race, I.C. sec 22-9-1-1
> [2.] Retaliatory discharge/Wrongful discharge, I.C. sec 22-9-1-6
> [3.] Common law protections and/or public policy: termination following complaint of harassment
> [4.] Breach of Contract: Termination did not follow policy established in the Amazon Employee Manual.
> [5.] Defamation of Character: False record of termination interferes with gainful employment of the Plaintiff [sic].
> [6.] Willful and Wanton Conduct: Defendant acted maliciously, fraudulently, oppressively, or was grossly negligent in Plaintiff's [sic] termination.

[Dkt. 1-1 at 3.]  On August 17, 2018, Defendants filed a Notice of Removal, pursuant to 28 U.S.C. § 1331, under federal question jurisdiction surrounding Plaintiff's 42 U.S.C. § 1981 claim, with supplemental jurisdiction over Plaintiff's additional state law claims.  [Dkt. 1 at 2.]

On September 21, 2018, Defendants filed a *Motion to Dismiss* under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  [Dkt. 10.]  Plaintiff did not respond to Defendants' *Motion to Dismiss*; rather, Plaintiff filed his *Motion for Leave to Amend Complaint* on October 29, 2018.  [Dkt. 19 at 1; Dkt. 17.]  Defendants submitted a *Response in Opposition* on November 13, 2018.  [Dkt. 19.]  Defendants argued based on futility grounds that Plaintiff's motion and proposed amended complaint "fail to cure the defects in [Plaintiff's] original complaint and should be denied."  [Dkt. 19 at 1.]  Plaintiff did not submit a reply in support of his motion for leave to amend.  The Court, in turn, weighs Plaintiff's motion in conjunction with Defendants' *Motion to Dismiss*.

## II.    <u>Legal Standard</u>

Once the time period for a party to amend a pleading as a matter of course has passed, as in the Plaintiff's case at hand, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15 (a)(2).  No written consent exists in the Plaintiff's case.  "The court should freely give leave when justice so requires."  *Id.*  That freely given leave is not without discretion.  *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend where there is . . . repeated failure to cure deficiencies . . . or where the amendment would be futile.") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).  The Seventh Circuit has determined that futility arises when "repleadings include restating the same facts using different language, reasserting

claims previously determined, failing to state a valid theory of liability, and the inability to survive a motion to dismiss." *Garcia v. City of Chi., Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). A court's denial of leave to amend in the circumstance of futility is not an abuse of the court's discretion. *Id.*

In Plaintiff's case, when the grounds for denial of leave to amend are rooted in futility, courts apply a Rule 12(b)(6) standard "to determine whether the proposed amended complaint fails to state a claim for relief." *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 611 (N.D. Ill. 2015). The Court must weigh the ability for the repleading to survive a motion to dismiss standard. For a Rule 12(b) motion to dismiss, a court "must accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of the truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). Moreover, the Court is not required to accept as true "a legal conclusion couched as a factual allegation." *Bonte v. U.S. Bank Nat'l Ass'n*, 624 F.3d 461, 465 (7th Cir. 2010).

"Where, as here, the motion to dismiss under Rule 12(b)(1) [for lack of subject matter jurisdiction] contends that the allegations are facially insufficient to show jurisdiction, the standard applicable to a motion to dismiss mirrors that applied under Rule 12(b)(6)." *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1014 (N.D. Ill. 2009); *PropertyThree Tech. Grp., Inc., v. Apartment Hunters, Inc.*, No. 1:07-cv-356-RLY-JMS, 2008 WL 11374380, at *2 (S.D. Ind. May 20, 2008) (stating the legal standards "are essentially the same"). It is Plaintiff's burden to establish that jurisdiction exists for his claims. *See Mays v. Credit One Bank, N.A.*, No. 1:16-cv-

01151-TWP-DML, 2017 WL 3838687, at *1 (S.D. Ind. Sept. 1, 2017); *see also Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980) ("The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof.").

### III.    Discussion

Because the test for a repleading's futility rests with its ability to survive a motion to dismiss, the Court will address Defendants' *Motion to Dismiss* Plaintiff's federal and state law claims in conjunction with Plaintiff's *Motion for Leave to Amend Complaint*.  "The purpose of a motion to dismiss under either Rule 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case." *Jackson v. Neylon*, No. 06-CV-6913, 2007 WL 1225371, at *2 (N.D. Ill. Apr. 27, 2007).

### A.    Federal Claim: 42 U.S.C. § 1981

In Plaintiff's original *Complaint*, Plaintiff stated "Amazon and/or its employee did so commit . . . Discrimination and retaliatory discharge based on race, 42 U.S.C. §1981."  [Dkt. 1-1 at 3.]  Plaintiff described his termination merely as "follow[ing] HR complaints by the plaintiff regarding harassment and/or discriminatory practices at Amazon."  [Dkt. 1-1 at 3.]  Though the Plaintiff contended the basis for his termination was a "false witness statement" and "false confession" documented in Defendants' employee files, Plaintiff asserted no additional facts to support his federal claim.  [Dkt. 1-1 at 3.]  Defendants' *Motion to Dismiss* argued Plaintiff, a Caucasian male, has failed to "meet the higher standard for reverse discrimination under Section 1981."  [Dkt. 11 at 3.]  Defendants' *Response* to Plaintiff's motion to amend further asserted Defendants' argument that "his proposed amended complaint adds facts which do not support the claim."  [Dkt. 19 at 4.]

Plaintiff's *Proposed Amended Complaint* stated "Chandra Purcell (a different race and sex than plaintiff) falsely reported plaintiff was not performing his job on multiple occasions . . . reported plaintiff as being out of position, missing in action, in the bathroom, or generally refusing to follow orders."  [Dkt. 17-1 at 3.]  Further, Plaintiff claimed Purcell, an immediate Process Assist supervisor, did not take similar actions with parties of her race, gave an order for the Plaintiff to "commit a safety violation," and retaliated against Plaintiff for his noncompliance with the order by harassing and reporting him.  [Dkt. 17-1 at 3.]  Plaintiff claimed he lost "radio privileges" after reporting Purcell's actions to Defendant's human resources department and management.  [Dkt. 17-1 at 3.]  Further, Plaintiff named a second Process Assist immediate supervisor, Ben Washington, as a person of a different race who "reassign[ed] plaintiff's job assignment to give preferential treatment to a female of the same apparent race as [Washington]."  [Dkt. 17-1 at 3.]  Plaintiff contended his termination was based upon the feedback of Process Assist and that his termination record "supports evidence of retaliation." [Dkt. 17-1 at 3.]

Pursuant to 42 U.S.C. § 1981:

> All persons within the jurisdiction of the United States shall have the same right in every state and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property **as is enjoyed by white citizens**, and shall be subject to like punishment, pains, penalties, taxes licenses, and exactions of every kind, and to no other.

(emphasis added).  The Court notes "[l]itigation involving § 1981 most commonly involves the right to make and enforce contracts of employment" and has been interpreted to include Plaintiff's assertion of retaliation.  *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008) ("We consequently hold that 42 U.S.C. § 1981 encompasses claims of retaliation.")  A court's determination of a Section 1981 claim

"appl[ies] the same proof analysis as a disparate treatment claim under Title VII." *Miller v. Chi. Transit Auth.*, No. 17-cv-00806, 2018 WL 905517, at *5 (N.D. Ill. Feb. 15, 2018).  For a Plaintiff to assert a plausible claim under Section 1981, the following criteria must be met:

> a plaintiff must: (1) be a member of a racial minority; (2) show that the defendants intended to discriminate on the basis of race; and (3) show that the defendants' activities concern the making, performance, modification, or termination of a contract, the enjoyment of the benefits of a contractual relationship, or the conditions of a contractual relationship.

*See Jacobeit v. Rich Tp. High Sch. Dist.* 227, 673 F.Supp.2d 653, 660 (N.D. Ill. 2009);

*Agnew v. Bd. of Educ.*, No 97-5993, 1998 WL 386155, at *7, 1998 U.S. Dist. LEXIS 10195,

at *24 (N.D. Ill. July 7, 1998) (Manning, J.) (citing *Morris,* 89 F.3d at 413).

Mr. Ballantine is Caucasian, and therefore, unable to meet element one under Section

1981, to show he is a member of a protected minority class.  [Dkt. 17-1 at 11.]  Thus, the claim

shifts to one of "reverse discrimination" and calls for the Plaintiff to plead additional facts to

"show background circumstances that demonstrate that a particular employer has a reason or

inclination to discriminate invidiously against whites or evidence that there is something fishy

about the facts at hand." *Jacobeit,* 673 F. Supp. 2d at 660 (quoting *Hague v. Thompson Distrib.

Co.*, 436 F.3d 816, 820-21 (7th Cir. 2006) (internal quotations omitted).  Regarding members of

the majority, courts "[have] recognized that discrimination by employers against white men is a

less common phenomenon than discrimination against minorities." *Phelan v. City of Chi.*, 347

F.3d 679, 684-85 (7th Cir. 2003) (citing *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 456-57

(7th Cir. 1999).  Additional facts within the pleadings for a non-minority individual like the

Plaintiff must "show why it is likely in this case, that an employer had engaged in such unusual

behavior" or have "direct evidence of the racial discrimination waged against him . . . ." *Id.* at

685.

Plaintiff's *Proposed Amended Complaint* stated his termination was due to "an alleged safety violation." [Dkt. 17-1 at 2.]  Plaintiff's discrimination and retaliatory claim that he was discharged based on race is not supported with the additional facts listing two supervisors of different races than the Plaintiff; one who Plaintiff claimed negatively reported his job performance, and the other who reassigned Plaintiff's job duties to a female of the same race as the supervisor.  [Dkt. 17-1 at 3.]  Rather, these amended facts do not illustrate a connection to Plaintiff's ultimate termination surrounding the alleged safety violation.  Further, Plaintiff has not asserted facts that would meet the reverse discrimination standard under Section 1981. Plaintiff has included no statements to indicate Defendants engaged in a pattern of discrimination against other Caucasian male employees or provided background circumstances to lead the Court to "draw the reasonable inference that a defendant is liable for the misconduct alleged." *Miller, 2018 WL 905517*, at *2 ("The allegations must contain sufficient factual material to raise a plausible right to relief."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007).

While the Seventh Circuit acknowledged that sufficient articulation of "background circumstances is not precise[,]" examples can be found in reverse discrimination cases.  *See, e.g.*, *Burton v. Sw. Bell Mobile Sys., Inc.*, 74 F. Supp. 2d 841, 846-47 (C.D. Ill. 1999) (citing *Mills, 171 F.3d at 455*) (hiring someone with less or minimal qualifications, explicitly expressing hiring needs of minorities or women, a pattern of hiring that shows a majority of minorities or women, or a party stating he "was the only white employee in a department and that all of the decision makers were minorities."); *Paxson v. Cty. of Cook, Ill.*, No. 02 C 2028, 2002 WL 1968561 (N.D. Ill. Aug. 23, 2002) (employee claims for reverse discrimination upheld on motion to dismiss where plaintiff showed racial harassment of accusations of involvement with the Ku Klux Klan).

Mere assertion that Plaintiff's supervisors made negative reports regarding his work or reassigned tasks is insufficient to establish his federal claim. *See, e.g., Miller*, 2018 WL 905517, at *3 (Reverse discrimination claim found insufficient as Plaintiffs "merely assert[ed] that [supervisor], an African-American, became upset with them, Caucasian employees, for their decisions . . . [and] have not alleged any organization-sanctioned discriminatory conduct, 'fishy facts,' or even a logical basis for believing that [employer] acted discriminately beyond the fact that the offending actors were African-American.").

For the foregoing reasons, the Court finds Plaintiff's original *Complaint* failed to state a claim upon which relief may be granted. Plaintiff did not timely seek to amend his pleading as a matter of course and only now seeks such opportunity. Moreover, the Court finds Plaintiff's *Proposed Amended Complaint*, filed in response to the *Motion to Dismiss*, fails to cure the defects of the original complaint and is futile. "[A] district court is not required to grant such leave when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012). The Magistrate Judge further recommends Plaintiff's 42 U.S.C. § 1981 claim, discrimination and retaliatory discharge based on race, be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B.   State Claims in Proposed Amended Complaint & Statute of Limitations

Plaintiff's original *Complaint* asserted six state law claims. [Dkt. 1-1 at 3.] Plaintiff's *Proposed Amended Complaint* replaces the sixth claim, "Willful and Wanton Conduct: Defendant acted maliciously, fraudulently, oppressively, or was grossly negligent in Plaintiff's termination[,]" with an invasion of privacy claim. [Dkt. 1-1 at 3; Dkt. 17-1.] Plaintiff's original *Complaint* pled no facts regarding any of the six state law claims; rather, the Plaintiff merely

listed his claims and provided a general statement of claim that his termination was "based upon a false witness statement and a false confession entered into Amazon records[,]" which was allegedly discovered on July 25, 2016. [Dkt. 1-1 at 3.]

The Magistrate Judge's Report and Recommendation will first address Plaintiff's proposed state claims, except his breach of contract claim, procedurally, based on Defendants' raised statute of limitations arguments. Defendants' *Motion to Dismiss* acknowledged that "[a]lthough potentially not ripe for a Motion to Dismiss, several of Plaintiff's state law claims are also time barred." [Dkt. 11 at 2.] "'While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth every[thing] necessary to satisfy' the limitations defense 'because the relevant dates are set forth unambiguously in the complaint.'" *Boyd v. Jacobs Project Mgmt. Co.*, No. 1:16-cv-02028-SEB-TAB, 2017 WL 4340325, at *2 (S.D. Ind. Sept. 29, 2017) (quoting *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Defendants' *Response* to Plaintiff's motion to amend argued Plaintiff's "proposed state law claims of race discrimination, wrongful termination, defamation, and invasion of privacy are barred by the two year statute of limitations . . . . Ballantine filed his claims more than six months too late . . . ." [Dkt. 19 at 5.]

Defendants asserted Plaintiff's claims accrued at the onset of Plaintiff's termination on January 20, 2016. [Dkt. 19 at 5; Dkt. 17-1 at 1.] Plaintiff asserted his claims did not begin to accrue until July 25, 2016, when he discovered Defense counsel's letter to the EEOC investigator which detailed the dates and witness statements surrounding Plaintiff's alleged safety violation, which Plaintiff deemed as false. [Dkt. 17-1 at 3, 8-13.] Plaintiff's *Proposed Amended Complaint* stated that "[i]n accordance with Indiana discovery rules the statute of limitations is

based upon the delayed date of discovery of July 25, 2016."[2] [Dkt. 17-1 at 3.]

> Pursuant to Ind. Code § 34-11-2-1 Employment related actions:
>
> Sec. 1. An action relating to the terms, conditions, and privileges of **employment except actions based upon a written contract** (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) **must be brought within two (2) years of the date of the act or omission complained of**.

(emphasis added). Plaintiff does not assert these state claims of race discrimination, wrongful termination, defamation, and invasion of privacy are based on a written contract.[3] [Dkt. 17-1.] The Magistrate Judge finds Ind. Code § 34-11-2-1 applicable to Plaintiff's race discrimination and wrongful termination claims as "employee related actions." The Magistrate Judge finds Ind. Code § 34-11-2-1 applicable to Plaintiff's defamation and invasion of privacy claims as "employee related actions," as well as Ind. Code § 34-11-2-4[4] (Injury or forfeiture of penalty actions), which sets a two-year statute of limitations period for tort actions.

The procedural question at hand is the moment of the accrual of Plaintiff's cause of action. The Indiana Supreme Court has established that:

> Under Indiana's discovery rule, a [personal injury suit] cause of action accrues, and the limitation period begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury. The determination of when a cause of action accrues is generally a question of law. For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred.

---

[2] The Court notes Plaintiff cited no specific Indiana rules to support his "delayed date of discovery" assertion, as it pertains to applicable statute of limitations for his state law claims.

[3] Plaintiff's only reference to written materials are under his breach of contract claim regarding Defendants' disciplinary policies.

[4] Ind. Code § 34-11-2-4 in relevant part provides, "Sec. 4. (a) An action for: (1) injury to person or character; (2) injury to personal property; or (3) a forfeiture of penalty given by statute; must be commenced within two (2) years after the cause of action accrues."

See *Hollars v. Roadhouse Host, LLC*, No. 1:18-cv-01142-JMS-DML, 2018 WL 3657586, at *5 (S.D. Ind. Aug. 2, 2018) (Plaintiff had knowledge of sexual harassment prior to his employment termination date and state law claims filed more than two years later were barred by statute of limitations and dismissed with prejudice.) (quoting *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). "The Seventh Circuit, applying Indiana law, applied this same standard to cases related to employment brought under § 34-11-2-1." *Hollars*, 2018 WL 3657586, at *5; *see, e.g., Jean v. Dugan*, 20 F.3d 255, 265-66 (7th Cir. 1994).

Plaintiff's *Proposed Amended Complaint* acknowledged that he received a phone call from Defendants on January 20, 2016, "following a suspension," and was aware that the Defendants terminated him for an "alleged safety violation for which the penalty is immediate termination." [Dkt. 17-1 at 1.] Plaintiff admitted he previously filed a complaint with the EEOC but provided no additional dates or detailing circumstances; Defendants' motions noted Plaintiff's 2014 and 2015 EEOC filings claiming discrimination under the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964 against the Defendants, which resulted in no lawsuits filed under federal law within ninety days of either of the EEOC's Dismissals and Notices of Rights on March 31, 2014 or September 21, 2016. [Dkt. 17-1 at 2; Dkt. 11 at 1; Dkt. 19 at 2.] Plaintiff's asserted defamation and invasion of privacy claims stemming from a public human resources meeting, public reprimands, "radio call outs" heard by other Defendants' employees, and Plaintiff's employment history and eligibility after an alleged safety violation support the Plaintiff's knowledge of "an injury" or potential claim prior to and following his termination date. Plaintiff's contention he learned of the false witness statements and safety violation occurrence date and details from Defense counsel's July 18, 2016 letter to the EEOC investigator does not negate Plaintiff's *prior* knowledge of injury surrounding his

termination.  "A plaintiff's action accrues when he discovers that he had been injured, not when he determines that the injury was unlawful." *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995); *see also Ferrill v. City of Milwaukee*, 295 F. Supp. 2d 920, 924 (E.D. Wis. 2003) ("Thus, when the adverse employment action (i.e. the injury) was the termination of employment, the action accrues when the plaintiff was advised of the termination, not later when he discovers facts leading him to believe that he was a victim of discrimination.").

Plaintiff had ample time to assert claims against the Defendants.  Plaintiff failed to file these state claims within two years of his termination.  For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law claims of race discrimination, wrongful termination, defamation, and invasion of privacy be DISMISSED WITH PREJUDICE**, as barred by the applicable two-year statute of limitations under Ind. Codes § 34-11-2-1 and § 34-11-2-4.

The Magistrate Judge's Report and Recommendation will further address each originally asserted and amended state law claim surrounding additional jurisdictional arguments and on their merits, in its consideration of Defendants' *Motion to Dismiss* and Plaintiff's *Motion for Leave to Amend*.

1. **Discrimination by Race, I.C. sec 22-9-1-1 (Dismissal as time barred recommended at pages 10-14, above)**

Plaintiff's original *Complaint* listed a state claim of racial discrimination under Ind. Code § 22-9-1-1.  [Dkt. 1-1 at 3.]  Plaintiff's *Proposed Amended Complaint* brings the identical claim and includes articulated facts discussed earlier.  [Dkt. 17-1 at 3.]  The Court notes Ind. Code § 22-9-1 *et seq.*, known as the Indiana Civil Rights Law ("ICRL"), "prohibits discrimination in employment on the basis of race, religion, color, sex, disability, national origin, or ancestry and applies to most private and public employers in Indiana." *Pierce v. Zoetis, Inc.*, No. 1:14-CV-84-TLS, 2015 WL 789773, at *3 (N.D. Ind. Feb. 25, 2015).  By design the ICLR "expressly

authorizes civil suits by private litigants and sets out procedural prerequisites to bringing suit."
*Id.*; *see also* Ind. Code § 22-1-1-16, § 22-9-1-17.  The Indiana Civil Rights Commission
("ICRC"), as established by Ind. Code § 22-9-1-6, "shall receive and investigate complaints
alleging discriminatory practices.  In order to adhere to the administrative process, Plaintiff
should have filed a complaint with the ICRC "within 180 days of the date in which the alleged
act of discrimination occurred" and waited for a determination of his "rights and
responsibilities."[5]

In the alternative, pursuant to 910 Ind. Admin. Code § 1-2-4, "[a] complaint deferred to
the commission by the . . . (EEOC) . . . pursuant to federal civil rights law shall be deemed filed
with the commission as of the date it was received by EEOC . . . provided the complaint
conforms to the requirements of the Indiana Civil Rights Law."  Plaintiff has not asserted that he
filed any lawsuit against Defendants within the required timeframe after receiving either of the
EEOC's issued Dismissal and Notice of Rights in 2014 or 2016 and has provided no facts to
indicate any complaint was referred from the EEOC to its state counterpart, the ICRC.  Plaintiff
has not asserted that he filed any complaint with the ICRC, in compliance with the ICLR.

The Court notes such procedural perquisites are not to be short circuited.  There is "one
narrow circumstance: if both the party making the complaint and the party responding to it agree
in writing to have the matter decided in a court of law . . . . Otherwise, there is no private right of
action[.]" *Vanderploeg v. Franklin Fire Dept.*, No IP99-0856-C-T/G, 2000 WL 428646, at *2
(S.D. Ind. Apr. 5, 2000); *see also* Ind. Code § 22-9-1-16.  Defendants argued Plaintiff has not
alleged that any ICRC probable cause finding exists or that Defendants have agreed to this

---

[5] *See Employment*, IND. CIVIL RIGHTS COMM'N, https://www.in.gov/icrc/2654.htm (last visited
Mar. 6, 2019).

narrowed exception to bypass the ICRC's adjudicatory jurisdiction; therefore, Plaintiff's racial discrimination claim fails under Rule 12(b)(1).  [Dkt. 19 at 6.]  The Magistrate Judge agrees.

The Plaintiff's *Proposed Amended Complaint* fails to cure these procedural steps. Further, Plaintiff pled no facts to show compliance within the EEOC or ICRC filing time limits allowed for investigation of a claim.  As these filing time limits have now expired, an amended pleading is futile.  For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law claim of discrimination by race, I.C. sec 22-9-1-1 be DISMISSED WITH PREJUDICE**, pursuant to Rule 12(b)(1).

**2.  Retaliatory Discharge/Wrongful Discharge, I.C. Sec 22-9-1-6  (Dismissal as time barred recommended at pages 10-14, above)**

Plaintiff's original *Complaint* listed a state claim of retaliatory discharge/wrongful discharge, I.C. Sec 22-9-1-6.  [Dkt. 1-1 at 3.]  Plaintiff's *Proposed Amended Complaint* brings the identical claim and includes articulated facts discussed earlier.  [Dkt. 17-1 at 3.]  As the Court has previously analyzed, Plaintiff did not undertake the administrative procedures under the ICRC.  Ind. Code § 22-9-1-6 designates establishment, power, and duties of the ICRC; it does not provide the Plaintiff a direct vehicle to state a claim.

The Court notes, in light of Plaintiff's assertion of retaliatory or wrongful discharge, "Indiana [has] recognized an exception to the employment at will doctrine when an employee is discharged solely for exercising a statutorily conferred right" that may permit a court's jurisdiction without the prerequisite of the ICRC.  *See Pierce*, 2015 WL 789773, at *2 (Plaintiff's retaliation allegations that she was wrongfully terminated due to making internal complaints to the defendant employer that she was victim of sexual harassment did not invoke this jurisdictional exception.) (citing *Frampton v. Cent. Ind. Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973)).  Examples of cases allotted such exception are those that do not fit the Plaintiff's

alleged facts in his *Proposed Amended Complaint*.  *Pierce*, 2015 WL 789773, at *2 (citing

examples); *see, e.g., M.C. Welding & Machining v. Kotwa*, 845 N.E.2d 188, 193 (Ind. Ct. App.

2006) (retaliation claim based on plaintiff's application for unemployment benefits); *McGarrity

v. Berlin Metals, Inc.*, 774 N.E.2d 71, 79 (Ind. Ct. App. 2002) (retaliation claim based on

plaintiff's refusal to participate in tax evasion); *McClanahan v. Remington Freight Lines, Inc.*,

517 N.E.2d 390, 393 (Ind. 1998) (Retaliation claim was based on refusal of employee to

"commit an illegal act for which he would be personally liable.").  The Plaintiff claimed his

termination came after Plaintiff initiated complaints "regarding harassment, discrimination, or

discriminatory practices at defendant['s place of business . . . ."  [Dkt. 17-1 at 1.]  These facts do

not warrant invocation of such a jurisdictional exception to bypass the administrative process of

the ICRC.

      For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law claim

of Retaliatory discharge/Wrongful discharge, I.C. Sec 22-9-1-6 be DISMISSED WITH

PREJUDICE**, pursuant to Rule 12(b)(1).

      **3.**   <u>**Common Law Protections and/or Public Policy**</u>

      Plaintiff's original *Complaint* listed a state claim of Common law protections and/or

public policy: termination following complaint of harassment.  [Dkt. 1-1 at 3.]  Plaintiff's

*Proposed Amended Complaint* brings the identical claim and fails to include any cognizable facts

beyond a general statement that Defendants "acknowledged that plaintiff made complaints prior

to termination."  [Dkt. 17-1 at 3.]  Plaintiff fails to identify any such cause of action exists under

state law.  Federal Rule of Civil Procedure 8(a)(2) provides a liberal pleading standard that "only

a short and plain statement of the claim showing the pleader is entitled to relief" is necessary.

However, despite this bare bones allowance, "a plaintiff must still plead 'sufficient facts . . . to

allow the district court to understand the gravamen of the plaintiff's complaint.'" *Phelan,* 347 F.3d at 682 (citing *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998) ((quoting *Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996))).

The Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) in his original *Complaint*. The *Proposed Amended Complaint* fails to cure such deficiency by continuing to unsuccessfully state a claim upon which relief can be granted, and is therefore, futile. For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law assertion of Common law protections and/or public policy be DISMISSED WITH PREJUDICE**, pursuant to Rule 12(b)(6).

### 4. <u>Breach of Contract</u>

Plaintiff's original *Complaint* listed a state claim of breach of contract alleging "[t]ermination did not follow [the] policy established in the Amazon Employee Manual." [Dkt. 1-1 at 3.] Plaintiff's *Proposed Amended Complaint* brings the same breach of contact claim with more detailed assertions that the "employee manual was very specific in its discipline policies including those specific to immediate termination . . . reinforced during the hiring event of plaintiff . . . . These [polices] may be interpreted as promising fair and just discipline procedures." [Dkt. 17-1 at 3.] Plaintiff contended his termination was based on the previously discussed false statements of an alleged safety violation, that his termination was "not consistent with the policy," and that Defendants "violated plaintiff's right to privacy with a public HR meeting and public reprimands" that also were against the Employee Manual. [Dkt. 17-1 at 3-4.] Defendants argued in their *Motion to Dismiss*, Plaintiff's breach of contract claim should be dismissed pursuant to Rule 12(b)(6) grounds as the Employee Manual did not create a unilateral

contract and did not "promise secure employment or any particular disciplinary procedure."

[Dkt. 19 at 7.]

The Court notes Plaintiff did not submit a copy of the Employee Manual in either his original *Complaint* or his *Proposed Amended Complaint*; rather, the Defendants provided the document as Exhibit A in their *Motion to Dismiss*. [Dkt. 11-1; Dkt. 19 at 7.] The Court considers the language in the Employee Manual in its analysis.[6] Relevant portions of the Employee Manual provide the following:

> This Manual is **not intended as a contract** . . . **your employment is not for a fixed term and is 'at will,' meaning both you and Amazon have the right to end the employment relationship at any time, with or without cause and with or without prior notice or warning.**
>
> . . . .
>
> **As an at-will employer**, Amazon reserves the right **in all circumstances to apply any level of corrective action as appropriate, up to and including immediate termination of employment, without prior corrective action or notice for conduct** in either category or for conduct not described in the Standards of Conduct.
>
> . . . .
>
> Category 1 The following work conduct infractions are regarded as extremely serious, and **termination of employment may result following one offense**: . . . .Violation of safety policies, procedures, standards, regulations or laws . . . Creating a hazardous or dangerous situation . . . Engaging in any conduct that places the health and safety of any person at risk[.]

[Dkt. 11-1 at 6, 30-31.] (emphasis added).

"In Indiana, employment is strongly presumed to be at will." *Ferrill v. Crane 1 Servs., Inc.*, No. 1:15-cv-00524-TWP-MJD, 2015 WL 4901931, at *2 (S.D. Ind. July 16, 2015) (recommendation to dismiss, under Rule 12(b)(6), defendant's promissory estoppel claim where

---

[6] "[I]f a document is specifically referenced by the complaint and central to the plaintiff's claim, [the Court] may consider that document as part of the pleadings if it is attached to a defendant's motion attacking the sufficiency of the complaint." *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 592 (S.D. Ind. 2000).

employee handbook disclaims legal right and preserves at-will employment) (citing *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717-18 (Ind. 1997). Plaintiff's own *Proposed Amended Complaint* noted that "employee manuals in general terms may not constitute a contract in Indiana law[.]" [Dkt. 17-1 at 3.] The Indiana Supreme Court has outlined "three exceptions that can rebut the presumption of at-will employment in Indiana: adequate independent consideration, public policy, and promissory estoppel." *Mart v. Forest River, Inc.*, 854 F. Supp. 2d 577, 587 (N.D. Ind. 2012). The Plaintiff has pled no details in his original or proposed complaints to claim his employment is an exception to the "at-will" status conveyed in the Employee Manual. In light of the Employee Manual's language regarding its disciplinary proceedings, up to and including immediate termination, the Court finds Plaintiff does not establish any reliance on "promises" of particular disciplinary steps in his termination.

The Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) in his original *Complaint*. The *Proposed Amended Complaint* fails to cure such deficiency by continuing to unsuccessfully state a claim upon which relief can be granted, and is therefore, futile. For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law claim of Breach of Contract be DISMISSED WITH PREJUDICE**, pursuant to Rule 12(b)(6).

5. <u>**Defamation/Defamation per se**</u>  **(Dismissal as time barred recommended at pages 10-14, above)**

Plaintiff's original *Complaint* listed a state claim of "Defamation of Character: False record of termination interferes with gainful employment of the Plaintiff." [Dkt. 1-1 at 3.] Plaintiff's *Proposed Amended Complaint* stated the claim as "Defamation/Defamation per se" and asserted "because [the] cause of termination was in fact false, records and statements regarding the cause of termination are also false, damaging, and therefore defamatory." [Dkt.

17-1 at 4.]  The Plaintiff contended because this claim involves "misconduct" in his employment, it is defamation per se.  [Dkt. 17-1 at 4.]  Plaintiff based his claim on his employment record, which he argued bars his employment with Amazon and is "published" each time a potential future employer of Plaintiff may contact the Defendants for verification of employment purposes.  [Dkt. 17-1 at 4.]  Additionally, Plaintiff alleged Defendants informed Plaintiff's coworkers of his alleged safety violation and that in his search for future employment Plaintiff must "self-report" his work history such that it would include the grounds for his termination by the Defendants, in an act of "compelled defamation."  [Dkt. 17-1 at 4.]  Further, the Plaintiff stated malice is applicable in this case because the defamation is a result of retaliation, and in the alternative, raised the notion that negligence is also applicable in the absence of a finding of malice.  [Dkt. 17-1 at 4.]  Defendants' *Response* to Plaintiff's *Proposed Amended Complaint* argued Plaintiff's claim is "speculative," does not show any basis for publication of defamatory statements, and does not provide the details of to whom statements were made or what "particular harm" the Plaintiff endured.  [Dkt. 19 at 8.]

A defamation claim requires the plaintiff to show the following: "(1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages.  The determination of whether a communication is defamatory is a question of law for the courts."  *Farr v. St. Francis Hosp. & Health Ctrs.*, No. 1:06-cv-779-SEB-JMS, 2007 WL 2793396, at *3 (S.D. Ind. Sept. 26, 2007)* (plaintiff's defamation claim dismissed for lack of specificity).  While not necessarily verbatim, a Plaintiff must outline the defamatory statement(s) in his complaint, even under the relaxed pleading standards.  *Id.*  ("Even under notice pleading, a plaintiff must set out the operative facts of a defamation claim by including a specific account of the alleged defamatory statement in the complaint.") (citing *Trail v. Boys & Girls Club of Nw. Ind.*, 845 N.E.2d 130, 136

21

(Ind. 2006).  The Plaintiff's *Proposed Amended Complaint* provides only general assertions that his employee record is based upon an allegedly false safety violation; it does not identify actual statements communicated to any party, the number of incidents, to whom the statements were made, the timeframe of any communications, or any other context to support a sufficient defamation or defamation per se claim.

Moreover, Plaintiff's *Proposed Amended Complaint* fails to establish evidence of malice or negligence on the part of Defendants; rather, the Plaintiff simply states malice applies because of "retaliatory action" and if malice is not found Indiana would recognize negligence.  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Further, "the factual allegations in the complaint must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 569 n.14.  The Court finds Plaintiff has not made a showing of publication, as his pleadings have not asserted additional details to provide context to the employee meeting where defamatory information was allegedly released.  The Court finds Plaintiff has not made a showing of publication in his speculative claims that potential employers have received defamatory information or that Plaintiff has been required to disclose information in the employment process.  Plaintiff has failed to describe these occurrences of employment verification and the communications involved from the Defendants.

The Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) in his original *Complaint*.  The *Proposed Amended Complaint* fails to cure such deficiencies by continuing to fail to state a claim upon which relief can be granted, and is therefore, futile.  Therefore, the Court finds no need to determine whether a protection of qualified privilege exists as Defendants' raised defense to Plaintiff's defamation claim.  [Dkt. 11

at 7; Dkt. 19 at 9.]  For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law claim of Defamation/Defamation per se be DISMISSED WITH PREJUDICE**, pursuant to Rule 12(b)(6).

6. **Invasion of Privacy (Replaces Willful & Wanton Conduct)**  **(Dismissal as time barred recommended at pages 10-14, above)**

Plaintiff's original *Complaint* asserted a claim of "Willful and Wanton Conduct: Defendant acted maliciously, fraudulently, oppressively, or was grossly negligent in Plaintiff's termination." [Dkt. 1-1 at 3.]  Plaintiff's *Proposed Amended Complaint* replaced this assertion with a claim for invasion of privacy.  [Dkt. 17-1 at 5.]  Therefore, the Magistrate Judge's report will consider only the invasion of privacy claim in its analysis.

Plaintiff claimed Defendants "committed public disclosure of private facts, and false-light publicity" through a human resources meeting allegedly held with Plaintiff in a public area, which led to retaliation and "being shunned by other employees of defendant."  [Dkt. 17-1 at 5.] Plaintiff additionally raised the previously discussed "radio call outs" by his supervisor over a "public channel which could be indiscriminately heard by all personnel" as grounds for his invasion of privacy claim.  [Dkt. 17-1 at 5.]  Defendants argued Plaintiff has not made a showing that any specific information was disclosed to "the public at large," and therefore, there is no basis for Plaintiff's claim.  [Dkt. 19 at 9-10.]

"Public disclosure of private facts occurs when a person gives publicity to a matter that concerns the private life of another . . . communication made to a single person or to a small group . . . is not actionable." *Sims v. Humane Soc. of St. Joseph Cty. Ind., Inc.*, 758 F. Supp. 2d 737, 748 (N.D. Ind. 2010) (plaintiff's claim was dismissed because information was disclosed only to Humane Society).  False-light publicity also requires disclosure to the public at large.  *Id.* Much like the Court's discussion of Plaintiff's defamation claim, the Court notes Plaintiff does

not articulate the context of what private information was disclosed during the human resources meeting or over the "radio call outs." Plaintiff has also not made a showing that any such information was communicated to "so many persons that the [statement] must be regarded as substantially certain to become one of public knowledge." *See, e.g., Secrease v. W. & S. Life Ins. Co.*, No. 1:14-cv-00955-JMS-TAB, 2014 WL 12768454, at *9 (S.D. Ind. Dec. 3, 2014) (plaintiff's false light claim dismissed because information was not publicly disseminated).

The Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) in his original *Complaint*. The *Proposed Amended Complaint* fails to cure such deficiency by continuing to unsuccessfully state a claim upon which relief can be granted, even in this instance of a newly established claim, and is therefore, futile. For the foregoing reasons, the Magistrate Judge recommends Plaintiff's **state law claim of Invasion of Privacy be DISMISSED WITH PREJUDICE**, pursuant to Rule 12(b)(6).

## IV.    Conclusion

Based on the foregoing, the Magistrate Judge recommends that Defendants' *Motion to Dismiss* [Dkt. 10] be **GRANTED** and Plaintiff's *Motion for Leave to Amend Complaint* [Dkt. 17] be **DENIED**. Because Plaintiff has already had an opportunity to correct the deficiencies in the *Complaint* by filing a motion for leave to amend the complaint in response to Defendants' *Motion to Dismiss*, the Magistrate Judge recommends all Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

## Notice Regarding Objections

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  14 MAR 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

KEN BALLANTINE
4435 Berkshire Road
Indianapolis, IN 46226

Emily L. Connor
LITTLER MENDELSON, P.C. (Indianapolis)
econnor@littler.com

Alan L. McLaughlin
LITTLER MENDELSON, P.C. (Indianapolis)
amclaughlin@littler.com